IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00758-CNS-KAS

ANA NORIEGA,

    Plaintiff,

v.

MARILLAC CLINIC, INC.,
SCL HEALTH – FRONT RANGE, INC., doing business as SCL Health, and
STATE OF COLORADO SCHOOL BASED HEALTH CENTER PROGRAM COLORADO DEPARTMENT OF PUBLIC HEALTH & ENVIRONMENT (CDPHE),

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on Defendant SCL Health-Front Range, Inc.'s **Motion for Award of Attorneys' Fees** [#34] (the "Motion"). Plaintiff did not file a Response. The Motion [#34] has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). *See* [#35]. The Court has reviewed the Motion [#34], the entire case file, and the applicable law. For the reasons set forth below, the Motion [#34] is **GRANTED.**

On July 29, 2025, the Court granted Defendant's Motion for Rule 11 Sanctions [#19][1], allowing Defendant to obtain fees relating to that motion and ordered Defendant

---

[1] The Motion requested nondispositive Rule 11 sanctions in the form of reasonable attorneys' fees, which falls within the undersigned's authority. *See, e.g.*, *Carlson v. Town of Mountain Vill., Colo.*, No. 17-cv-02887-PAB-STV, 2019 WL 5819971, at *1 n.1 (D. Colo. Nov. 7, 2019) (magistrate judge finding that he had authority pursuant to 28 U.S.C. § 636(c)(1)(A) to rule on a Rule 11 sanctions motion "[b]ecause the instant Motion does not seek—nor is the Court imposing—dispositive sanctions"); *Bergeson v. Dilworth*, 749 F. Supp. 1555, 1561-62 (D. Kan. 1990) (concluding that Rule 11 sanctions were "a matter within the magistrate's general authority

to file a motion substantiating the amount requested. *Courtroom Minutes* [#33]. In the present Motion [#34], Defendant seeks $8,502.00 in fees for its two attorneys, David C. Gartenberg ("Attorney Gartenberg") and Kelsey A. VanOverloop ("Attorney VanOverloop"), and Paralegal, Michelle Davidson. *Motion* [#34] at 1, 5.

D.C.COLO.LCivR 54.3(b)(1) requires a motion seeking fees to include a summary of relevant qualifications and experience for each person for whom fees are claimed. Attorney Gartenberg is a shareholder in the firm of Littler Mendelson, P.C. ("Littler") with fourteen years of experience. *VanOverloop Aff.* [#34-2] ¶¶ 3, 13. He oversaw Attorney VanOverloop's work in this case. *Id.* ¶ 13. Attorney VanOverloop is an associate attorney with eight years of experience practicing law. *Id.* ¶ 14. Michelle Davidson has twelve years of experience as a paralegal. *Id.* ¶ 15. While attorneys typically provide more information about their relevant qualifications and experience, including from where they obtained their education and in what jurisdictions they are admitted to practice law, the Court finds Defendant has supplied adequate information to meet the requirements of Local Rule 54.3(b)(1).

D.C.COLO.LCivR 54.3(b)(2) requires "a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed." Here, Defendant seeks a total of $8,502.00 in fees for Attorneys Gartenberg and VanOverloop and Paralegal Davidson in relation to the Motion for Sanctions. *Motion* [#34] at 2-5. The fees are based on Attorney Gartenberg's hourly rate of $335.00 and

---

to 'hear and determine' pretrial matters" where it was "apparent that the pretrial motion for sanctions related to the conduct of counsel for the signing of pretrial filings.").

$395.00[2] for 6.4 hours expended, which equates to $2,332.00; Attorney VanOverloop's hourly rate of $270.00 and $335.00 for 20.6 hours expended, which equates to $5,991.00; and Paralegal Davidson's hourly rate of $120.00 and $130.00[3] for 1.4 hours expended, which equates to $179.00. *Billing Records* [#34-1]. The Court finds counsel supplied adequate information to meet the requirements of Local Rule 54.3(b)(2).

In deciding the reasonableness of a fee request, the Court applies the "lodestar method." *Ditirro v. Sando*, No. 21-cv-1840-CNS-STV, 2023 WL 8531837, at *2 (D. Colo. Feb. 23, 2023) ("[C]ourts in the Tenth Circuit apply the so-called 'lodestar method' to assess whether a proposed fee request is reasonable.") (citation omitted). This method consists of multiplying a reasonable hourly billing rate by the number of hours expended, both of which the court reviews to ensure that proper billing judgment was exercised. *Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1245 (D. Colo. 2015). The lodestar number may then be adjusted "upward or downward to account for the particularities" of the completed work. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997).

Regarding the reasonableness of Attorney Gartenberg's $325.00 and $395.00 hourly billing rates and Attorney VanOverloop's $270.00 and $335.00 hourly billing rates, per a Colorado Bar Association survey from eight years ago, the "statewide hourly billing rates in the field of civil/commercial litigation ranged from a median of $300 per hour to

---

[2] During litigation, Littler's shareholder attorney rates increased from $335.00 to $395.00 and associate attorney rates from $270.00 to $335.00. *VanOverloop Affidavit* [#35-2] at 4 n.2.

[3] While Attorney VanOverloop did not address the increase in Paralegal Davidson's rates, the billing records indicate it increased from $120.00 to $130.00 at the same time Littler increased its attorney rates. *Billing Records* [#34-1] at 2-3.

$473 in the 75th percentile." *Peterson v. Pickering*, No. 22-cv-00320-WJM-KLM, 2023 WL 5153757, at *2 (D. Colo. July 18, 2023) (citing Colorado Bar Association 2017 Economic Survey; *Seeley Int'l Pty Ltd. v. Maisotsenko*, No. 21-cv-01350-CMA-KLM, 2023 WL 3974443, at *3 (D. Colo. May 9, 2023)). Without question, hourly rates have since increased. Regardless, based on the undersigned's prior experience as an attorney, counsels' hourly rates fall within the range of reasonableness. Having considered the Survey; "the complexity of the case and the expertise needed; the professional standing, reputation, ability, and experience of the attorneys involved in this action; the skill, time and labor involved; [and] the results obtained," *see id.*, the Court finds that the billed hourly rates are reasonable. *See Raymond M. v. Beacon Health Options, Inc.*, No. 2:18-cv-00048-JNP-DAO, 2021 WL 764077, at *2 (D. Utah Feb. 26, 2021) ("When determining whether an hourly rate is reasonable, the court may consider various evidence, including affidavits of counsel, non-party attorney affidavits, and the court's own knowledge.").

"In determining what is a reasonable time in which to perform a given task, an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated by the maneuvering of the other side; and (4) the potential duplication of services caused by the presence of multiple attorneys when one would suffice." *Reg'l Dist. Council*, 82 F. Supp. 3d at 1246 (citation and internal quotation marks omitted). Importantly, attorneys must in good faith exclude time that is unnecessary, redundant, or excessive. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The party requesting fees has the burden of proof that its attorney exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998) ("Counsel

4

for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.").

Regarding the reasonableness of the number of hours billed, i.e., 6.4 hours for Attorney Gartenberg and 20.6 hours for Attorney VanOverloop, the Court has reviewed the detailed billing records submitted by counsel. *Billing Records* [#34-1]. The Court does not "apportion the fee award mechanically"; in other words, the Court does not examine each claimed expense and determine whether each one is reasonable. *Hensley*, 461 U.S. at 438. Rather, the Court must simply exercise its "discretion in making this equitable judgment" by making "clear that it has considered the relationship between the amount of the fee awarded and the results obtained." *Id.* at 437; *see also White v. GMC, Inc.*, 908 F.2d 675, 684-85 (10th Cir. 1990) (stating that the amount of fees accumulated to obtain the positive result must be reasonably related to the significance and type of issue in dispute). Given the information provided in the Motion [#34] and supporting Affidavit [#34-2], the history of this case, including the granting of the Motion for Rule 11 Sanctions [#19] in Defendant's favor, the Court's review of the billing records, and the undersigned's years of experience as an attorney in the Denver metropolitan area, the Court finds the lodestar amount of $8,502.00 is reasonable.

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#34] is **GRANTED**.

IT IS FURTHER **ORDERED** that SCL Health-Front Range, Inc. is awarded attorneys' fees in the amount of $8,502.00 from Plaintiff.

Case No. 1:25-cv-00758-CNS-KAS   Document 40   filed 12/02/25   USDC Colorado
pg 6 of 6

Dated: December 2, 2025            BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge